UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**JOSE MOSQUERA**

                  **Plaintiff,**

v.                                        Civil Action No. 1:12CV1513
                                                               CMH/TCB

**MCCABE WEISBERG & CONWAY, LLC**
SERVE: Corporation Service Company
        Bank of America Center, 16th Flr.
        1111 E Main Street
        Richmond, VA 23219

    and

**SURETY TRUSTEES, LLC**
SERVE: Todd Fisher
        REO Solutions, LLC
        4021 University Drive, Ste 202
        Glen Allen, VA 22030

                  **Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action seeking damages arising from Defendants' unlawful attempts to collect a delinquent home mortgage debt allegedly owed by Mr. Mosquera and to foreclose on the subject Deed of Trust. Mr. Mosquera alleges that Defendants, a debt collection law firm and its collection-purposed Trustee, 1) initiated foreclosure activities when they had no present right to possession of the property, 2) knowingly made a series of false statements and representations in connection with the collection of the debt and of the attempted foreclosure on his home, and 3) failed to identify the name of the creditor to whom the debt was owed, all in violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C §§1692 et seq..

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff, Jose Mosquera ("Mr. Mosquera") is a natural person who resides in Virginia. Mr. Mosquera is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant McCabe Weisberg & Conway, LLC ("McCabe") is a law firm whose principal purpose is the collection of debts.

5. Defendant Surety Trustees, LLC ("Surety") is a company whose sole purpose is to serve as the substitute trustee for mortgage loans that are referred to McCabe Weisberg & Conway, LLC for the purpose of collecting delinquent debts and/or conducting foreclosure sales for which it purports to be a substitute trustee. At all times relevant to this case, Surety was operating as an alternate voice and alter ego of McCabe. For all purposes herein they were one and the same and are hereafter referred to collectively as "Defendants."

6. Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and each is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendants moreover use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

*Mr. Mosquera Obtains a Mortgage Loan*

7. Mr. Mosquera borrowed $280,000 for a mortgage, as evidence by a promissory note ("Note") dated June 30, 2006. The Note was payable to Bear Stearns Residential Mortgage Corporation.

8. The alleged debt was for a home loan, incurred primarily for personal, family, or household purposes, bringing Defendants' collection activities within the purview of the FDCPA, 15 U.S.C. § 1692a(5).

9. The Note was secured by a Deed of Trust dated June 30, 2006, and recorded in the Circuit Court Clerk's office.

10. When the loan was originated on June 30, 2006, Mr. Mosquera's Note obligated him to pay Bear Stearns Residential Mortgage Corporation.

11. Mr. Mosquera regularly made payments on his loan until he began to experience financial hardship and contacted his servicer for assistance.

12. After Mr. Mosquera's home loan account went into default, the account was referred to Defendants.

### *Defendants are a Debt Collector*

13. Defendants are a law firm whose practice is focused on the collection of debts.

14. Defendants advertise that it specializes in representation of the mortgage banking industry.

15. Defendants regularly collect home loan debts.

16. Defendants' website advertises that it handles "high volume of [foreclosure] cases," and provides "forbearance agreements, loan modifications,...repayment plans and other workout arrangements." [1]

17. Defendants regularly demand payment from consumers of claimed arrearages and provide to consumers reinstatement quotes and itemizations of amounts that Defendants are attempting to collect.

18. Defendants regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. §1692e(11), requires that debt collectors provide in all written communications (other than formal pleading) sent in "connection with the collection of any debt" (the "§ 1692e(11) disclosure").

19. Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

20. Defendants regularly detail specific amounts of money to be paid and regularly accept payment for their lender clients.

*Defendants Initial Communication with Mr. Mosquera*

21. Defendants sent Mr. Mosquera a dunning letter on December 29, 2011, which stated that they had been "retained by JPMorgan Chase Bank, National Association to initiate foreclosure proceedings." A copy of the December 29, 2011 correspondence is attached hereto as EXHIBIT A.

---

[1] *See* http://www.mwc-law.com/practice_areas.html (last visited April 17, 2012)

4

22. The December 29, 2011 correspondence also stated that "[y]our mortgage loan with Wells Fargo Bank, National Association as Trustee for Certificate holders of Structured Asset Mortgae Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, Series 2006-AR1 is now in default..."

23. The December 29, 2011 correspondence went on to say: "[t]he current balance on your loan is $331,537.71 plus interest owing from August 1, 2011 plus any outstanding fees and costs.

24. The December 29, 2011 correspondence included the following:

This notice is intended to comply with the provisions of the Fair Debt Collections Practices Act (15 U.S.A. Section 1692; originally Public Law 95-109, 95th Congress, September 20, 1977). You are entitled to certain information that sets forth your rights and obligations under the law. The law provides that (a) Within five (5) days after the initial communication with a consumer in connection with the collection of any debt, we shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing (1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) unless a consumer, within thirty (30) days after receipt of this notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by this office, (4) if the consumer notifies this office in writing within the thirty day period that the debt or any portion thereof, is disputed, this office will obtain verification and a copy of such verification will be mailed to the consumer by this office, and (5) upon the consumer's written request within the thirty day period, this office will provide the consumer with the name and address of the original creditor if different from the current creditor. (b) If the consumer notifies this office in writing within the thirty day period that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, we shall cease collection of the debt, or any disputed portion thereof, until this office obtains verification of the debt or the name and address of the original creditor, and a copy of such verification, or name and address of the original creditor, is mailed to the consumer by this office. (c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

25. The text of the notice required by 15 U.S.C. § 1692g of the FDCPA reads as follows:

*Notice of debt; contents*

5

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> > (1) the amount of the debt;
> > (2) the name of the creditor to whom the debt is owed;
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> > (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26. The notice by which the Defendant purports to make the required disclosures is defective in various respects.

27. The December 29, 2011 letter does not disclose the name of the creditor to whom the debt is owed.

28. Further, the December 29, 2011 does not indicate the amount of the debt.

29. As Judge Dohnal observed in *Turner v. Shenandoah Legal Group, et al.*, 2006 U.S. Dist. Lexis 39341, * 22-23 (E.D. Va. 2006), a dunning letter violates the validation notice disclosure requirements of § 1692g when it is written in such a fashion that it may confuse and mislead the least sophisticated consumer by including and then failing to reconcile otherwise confusing segments in the letter.

### *Defendants State the Note is Lost, Misplaced or Destroyed*

30. In a second correspondence dated December 29, 2011 to Mr. Mosquera Defendants stated:

> "This Notice is provided pursuant to Section 55-59.1(B) of the Virginia Code. Wells Fargo Bank, National Association as Trustee for Certificate holders of Structured Asset Mortgae Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, Series 2006-AR1 is the holder of a Note and a Deed of Trust…The debt instrument is unavailable and a request for sale will be made upon the expiration of 14 days…"

A copy of the December 29, 2011 correspondence is attached hereto as EXHIBIT B.

31. Upon information and belief, the original note evidencing Mr. Mosquera's indebtedness has not been lost, misplaced or destroyed, making Defendant's representation false.

32. With respect to the "evidence of the indebtedness referenced above," Va. Code § 55-59.1 provides in pertinent part the following:

> § 55-59.1. Notices required before sale by trustee to owners, lienors, etc.; if note lost.
>
> …
>
> B. If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice. The notice shall be sent by certified mail, return receipt requested, to the last known address of the person required to pay the instrument as reflected in the records of the beneficiary and shall include the name and mailing address of the trustee.

33. Upon information and belief, the beneficiary of the note had not submitted to the trustee an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust is lost or for any reason could not have been produced.

34. That is, Wells Fargo Bank, National Association as Trustee for Certificate holders of Structured Asset Mortgae Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-

7

AR1, Mortgage Pass-Through Certificates, Series 2006-AR1 had not submitted to Defendants an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust is lost or for any reason could not have been produced.

35. Defendant's December 29, 2011 letter further advised Mr. Mosquera that this communication was from a debt collector.

### Mr. Mosquera Requests Verification of the Debt

36. In correspondence dated January 12, 2012, Mr. Mosquera, through counsel, requested verification of the debt pursuant to the Fair Debt Collections Practices Act.

37. In that same correspondence, Mr. Mosquera, through counsel, requested a copy of the notice of the lost note that was sent to Mr. Mosquera from the beneficiary and a copy of the lost note affidavit, pursuant to Va. Code § 55-59.1.

38. In correspondence dated January 17, 2012 Defendants stated:

> This property has not gone to sale yet, so the only document I can provide is the Non-Military Affidavit, (please see attached).
>
> Thank you,
> *Monique M. McBride*

39. In correspondence dated January 19, 20120, Defendants purported to respond to Mr. Mosquera's request for verification of the debt which included a copy of the Note and reinstatement quote. The reinstatement quote sent by the Defendants indicated the total to reinstate was $8,289.27.

40. The correspondence stated: "Attorneys practicing in the area of debt collection."

41. As a result of the acts and omissions of the Defendants, Mr. Mosquera has suffered actual damages and injury, including but not limited to, the threat of the loss of his

8

home, emotional distress, mental anguish and suffering, loss of peace of mind, and a loss of statutorily protected rights.

### Count I: Violations of the FDCPA, 15 U.S.C. § 1692e

42. The foregoing allegations of the Complaint are incorporated by reference.

43. By falsely stating in the December 29, 2011 letter that the Note was lost or unavailable, Defendants violated 15 U.S.C. § 1692e, e(2)(A), e(5) and/or e(10).

44. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count II: Violations of the FDCPA, 15 U.S.C. § 1692g

45. The foregoing allegations of the Complaint are incorporated by reference.

46. By failing to disclose the name of the creditor to whom the debt was owed in its December 29, 2011 dunning letter, Defendants violated 15 U.S.C. § 1692g(a)(2).

47. By failing to disclose the amount of the debt that was owed in its December 29, 2011 dunning letter, Defendants violated 15 U.S.C. § 1692g(a)(1).

48. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### Count V: Violations of the FDCPA, 15 U.S.C. § 1692f

49. The foregoing allegations of the Complaint are incorporated by reference.

50. The scheduled foreclosure sale dates were nonjudicial actions that sought to permanently deprive Mr. Mosquera of his ownership rights in his home.

51. Neither JPMorgan Chase Bank or Wells Fargo Bank, National Association as Trustee for Certificate holders of Structured Asset Mortgage Investments II Inc., Bear Stearns

Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, Series 2006-AR1 had no authority to appoint the Defendants as a substitute trustee as the note was purportedly lost at that time without complying with Va. Code § 55-59.1(B).

52. Because they were not validly appointed as a substitute trustee by the noteholder in compliance with the terms of the Note and Deed of Trust, the Defendants had no right to attempt to conduct the foreclosure sale, or to transfer the property.

53. Defendants threatened to take nonjudicial action to effect dispossession or disablement of the subject property at a time when they had and there was no present right to possession of the property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. § 1692f(6).

54. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff reasonable attorney's fees;

4. Award Plaintiff costs;

5. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

                                          Respectfully submitted,
                                          Jose Mosquera
                                          By Counsel

By: Kristi Cahoon Kelly, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiff